IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**Miguel Rodriguez Ayala,**

    **Plaintiff,**

    v.

**American Express Travel Related Services Co., Inc.,**

    **Defendant.**

Civil No. 08-1120 (GAG)(JA)

**OPINION AND ORDER**

**I.    Procedural History**

Plaintiff Miguel Rodriguez Ayala brings this action against defendant American Express Travel Related Services Company, Inc. ("AMEX-TRS") alleging non-compliance with the Fair Credit Billing Act ("FCBA"), 15 U.S.C. §§ 1601 et seq., and seeking to recover moral and special damages under Art. 1802 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31, § 5141. Presently before the court is defendant's motion for summary judgment (Docket No. 85). After reviewing the relevant facts and applicable law, the court **GRANTS** defendant's motion for summary judgment (Docket No. 85).

**II.   Standard of Review**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "An issue is genuine if it may reasonably be resolved in favor of either party at trial, and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (citations omitted).

The moving party bears the initial burden of demonstrating the lack of evidence to support

the non-moving party's case. <u>Celotex</u>, 477 U.S. at 325. The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party (here, the plaintiff) and give that party the benefit of any and all reasonable inferences. <u>Id.</u> at 255. Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence. <u>Id.</u>

Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." <u>Forestier Fradera v. Municipality of Mayaguez</u>, 440 F.3d 17, 21 (1st Cir. 2006) (quoting <u>Benoit v. Technical Mfg. Corp.</u>, 331 F.3d 166, 173 (1st Cir. 2003)). The court should deny summary judgment when the non-moving party "can point to specific facts detailed in affidavits and depositions - that is, names, dates, incidents, and supporting testimony - giving rise to an inference of discriminatory animus." <u>Lipsett</u>, 864 F.2d at 895.

Local Rule 56(b) requires a party moving for summary judgment to file "a separate, short, and, concise statement of material facts [...] as to which the moving party contends there is no genuine issue of material fact to be tried." D.P.R. L.R. 56(b). The movant must support each statement with a citation to the record. <u>Id.</u> The non-movant has a corresponding obligation to submit with its opposition "a separate, short, and concise statement of material facts" in which it admits, denies, or qualifies the moving party's facts with reference to each numbered paragraph of the moving party's statement. <u>See</u> D.P.R. L.R. 56(c). Additionally, the non-moving party must support each denial or qualification with a record citation. <u>Id.</u>

While a party's failure to comply with these rules does not automatically warrant the granting or denial of summary judgment, "the parties ignore [the rules] at their peril." <u>Ruiz Rivera v. Riley</u>, 209 F.3d 24, 28 (1st Cir. 2000). The First Circuit has repeatedly held that the district court is justified in deeming one party's submitted uncontested facts to be admitted when the other party fails to file an opposition in compliance with Local Rule 56. <u>See, e.g.</u>, <u>Fontanez-Nunez v. Janssen Ortho</u>

**Civil No. 08-1120 (GAG)(JA)**                                3

LLC, 447 F.3d 50, 55 (1st Cir. 2006); Torres-Rosado v. Rotger-Sabat, 335 F.3d 1, 4 (1st Cir. 2003); Corrada-Betances v. Sea-Land Serv., Inc., 248 F.3d 40, 43-44 (1st Circ. 2001); see also D.P.R. L.R. 56(e) (declaring that facts not properly controverted "shall be deemed admitted").

In this case, defendant AMEX-TRS complied with Local Rule 56(b) by filing a separate statement of uncontested facts with proper references to the record. Plaintiff failed to file an opposing statement of facts. If plaintiff wished to controvert any of the facts submitted by defendant, he should have "denied or qualified such facts by reference to the numbered paragraphs of the opposing party's statement of material facts and unless a fact is admitted, [the reply statement had to] support each denial or qualification by a record citation as required by subsection (c) of [Local Rule 56]." Plaintiff failed to deny or qualify defendant's facts in the manner required by Local Rule 56(d). This court, therefore, deems such well-supported facts as admitted.

**III.   Statement of Facts**

Consistent with the summary judgment standard, the court states the facts in the light most favorable to plaintiff. See Iverson, 452 F.3d at 98. Additionally, in accordance with Local Rule 56, the court credits only facts properly supported by accurate record citations. See D.P.R.L.Civ.R 56(e). The court has disregarded all argument, conclusory allegations, speculation, and improbable inferences disguised as facts. See Forestier Fradera, 440 F.3d at 21; Medina-Muñoz v. R.J. Reynolds Tabacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

AMEX-TRS opened account no. 3726-834136-52002 in plaintiff's name. Thereon, monthly statements were sent to plaintiff's address at LJ2, 33 St, Villa del Rey 5ta., Caguas, Puerto Rico 00725-7113 showing all charges and credits made to the account during the statement period, along with the payment due to AMEX-TRS, if any. From November 21, 2006 to January 18, 2007, when the account was cancelled, the monthly statements show incrementing account arrears. After the statement dated February 21, 2007, no further payments were made to the account. Thereafter, the statements up to August 21, 2007 show only increasing balances of late payment fees, reaching a balance due of $346.30 in that statement.

On April 3, 2007, the U.S. Postal Service delivered a letter from plaintiff to AMEX-TRS, "requesting from AMC, an investigation to dispute a billing error" making reference to and

**Civil No. 08-1120 (GAG)(JA)**               4

enclosing the monthly statement of plaintiff's account dated December 21, 2006. The plaintiff filed the present action alleging that, by failing to answer his billing inquiry, AMEX-TRS breached the FCBA.  Plaintiff also seeks to recover damages under Art. 1802 of the Puerto Rico Civil Code.

**IV.    Discussion**

   **A. The FCBA Claim**

The FCBA allows a debtor to dispute statements containing a billing error issued by a creditor. See 15 U.S.C. §§ 1666 et seq. A billing error is defined by § 1666(b)(5) of the FCBA as "a computation error or similar error of an accounting nature of the creditor on statement." 15 U.S.C. § 1666(b)(5). When initiating a dispute of a statement with a billing error, the debtor must first issue a written billing-error notice in compliance with FCBA's requirements stating: (1) the debtor's name and account number; (2) the debtor's belief that the statement contains a billing error and the amount of such billing error; and (3) the debtor's reasons for belief in the billing error. See 15 U.S.C. §§ 1666(a). In addition, under the FCBA, a creditor is obliged to respond to such a notice only if it is received within sixty days after transmittance of the statement reflecting the error. See id. The sixty-day period begins to run upon receipt of "the first periodic statement that reflects the alleged billing error." See id.; see also Pinner v. Schmidt, 805 F.2d 1258, 1264 (5th Cir. 1986) (holding that "the sixty day notice period begins to run when a disputed statement is first received."). Upon receiving a notice of billing error in compliance with these requirements, the creditor must send a written acknowledgment of the notice within thirty days and must investigate the matter and either correct the account or give written explanation of the disputed charge within ninety days. 15 U.S.C. §§ 1666(a).

In the instant case, the plaintiff alleges that defendant breached the FCBA by failing to respond to his letter alleging a billing error.  The defendant, in turn, contends that the sixty-day notice requirement was not met.  The defendant received a letter on April 3, 2007 requesting "an investigation to dispute a billing error." By plaintiff's indication, defendant's statement sent on November 22, 2006 reflected a billing error.  Moreover, the April 3, 2007 letter made reference to and enclosed the monthly statement of plaintiff's account dated December 21, 2006.  In addition, plaintiff mentions in his complaint a phone conversation regarding a January 18, 2007 statement

**Civil No. 08-1120 (GAG)(JA)**              5

reflecting a billing error for a third time. Therefore, the billing error was present since November 2006. Therefore, the plaintiff is without recourse, for the defendants received the written notice on April 3, 2006, well beyond the time limit of sixty days after plaintiff received the first periodic statement reflecting the billing error. 15 U.S.C. § 1666(a). Even if the court begins to count the sixty days on January 18, 2007, plaintiff's notice letter falls outside the FCBA notice period. Also, the plaintiff's allegations of a phone complaint within the time limit have no bearing, for the FCBA clearly establishes a written notice requirement. See id.

Plaintiff's non-compliance with FCBA requirements discharges defendant's duty to respond to such notice. See id. Therefore, plaintiff lacks a valid claim as to any breach under the FCBA by defendant. In light of these established uncontested facts, the court **GRANTS** summary judgment in favor of defendants and declines to consider any other arguments with regards to the FCBA claim.

**B. Jurisdiction for the Claim for Damages under Art. 1802 of the PR Civil Code**

Pendent jurisdiction exists when there is "a claim arising under the Constitution, the laws of the United States, and treaties made under their authority, U.S. Const. Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case." Ortiz v. United States Government, 595 F.2d 65, 68 (1st Cir. 1979) (citing Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 103 (1933)). "The federal claim must have substance sufficient to confer subject matter jurisdiction on the court." Ortiz, 595 F.2d at 68. "The state and federal claims must derive from a common nucleus of operative fact." Id. "But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." Id. The court, in its discretion, can decide whether or not it will hear state law claims when "state issues substantially predominate" or sometimes when the federal question claim is dismissed at an early stage. 28 U.S.C. § 1367(c).

The claim for damages under Art. 1802 of the Puerto Rico Civil Code comes into federal court under the doctrine of pendent federal question jurisdiction as a parallel claim to the FCBA claim, and not under diversity jurisdiction. Therefore, defendant's contention that the claim does

**Civil No. 08-1120 (GAG)(JA)**        6

not meet the jurisdictional threshold of $75,000 is irrelevant, given that this requirement only applies under diversity jurisdiction. As a result of the federal claim's dismissal, it is up to the court's discretion whether it will still consider plaintiff's claim on the merits under Art. 1802 of the Puerto Rico Civil Code. Because it finds that plaintiff's state and federal law claims derive from a common nucleus of operative facts, the court will analyze the state claim on the merits, despite its dismissal of the federal claim.

### C. The Claim for Damages under Art. 1802 of the PR Civil Code

"Article 1802 of Puerto Rico's Civil Code imposes liability on any person or entity who by an act or omission causes damage to another through fault or negligence." De Jesus Adorno v. Browning Ferris Industries of Puerto Rico, 160 F.3d 839, 842 (1st Cir. 1998). "An actor is at fault, or [is] negligent, when he fails to exercise due diligence to prevent foreseeable injury." Malave-Felix v. Volvo Car Corp., 946 F.2d 967, 971 (1st Cir. 1991). "Under Puerto Rico law, legal duty arises: (1) by statute, regulation, ordinance, by law or contract; (2) as a result of [a] special relationship between the parties that has arisen through custom; or (3) as a result of [a] traditionally recognized duty of care particular to the situation." De Jesus Adorno, 160 F.3d at 842.

In this case, plaintiff seeks to recover moral and special damages under Art. 1802 of the Puerto Rico Civil Code for defendant's non-compliance with FCBA requirements. However, this court has already decided, *supra*, that defendant has acted within its legal rights and has not breached its duty under the FCBA. The court, therefore, **GRANTS** summary judgment in favor of defendants since the plaintiff lacks a valid cause of action under Art. 1802 of the Puerto Rico Civil Code.

### V. Conclusion

For the reasons stated above, the court **GRANTS** defendant's motion for summary judgment (Docket No. 85).

**SO ORDERED**.

In San Juan, Puerto Rico this 27th day of May 2009.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge