IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**Miguel Rodriguez Ayala,**

    Plaintiff,

    v.                           Civil No. 08-1120 (GAG)(JA)

**American Express Travel Related Services Co., Inc.,**

    Defendant.

**ORDER**

Pending before the Court is plaintiff's motion for reconsideration. (Docket No. 94). For the following reasons, the Court **DENIES** plaintiff's motion.

Finance charges do not constitute billing errors under 15 U.S.C. § 1666(b)(2). Esquibel v. Chase Manhattan Bank U.S.A., 276 Fed.Appx. 393, 396 (5th Cir. 2008). A finance charge does not constitute a billing error, for it is not an extension of credit for purposes of the Fair Credit Billing Act ("FCBA"). Id. A finance charge is "the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit." Id. (citing 15 U.S.C. § 1605(a)). A finance charge "reflects a charge incident to an extension of credit." Id. A billing error is defined under §1666(b)(5) as "a computation error or similar error of an accounting nature of the creditor on a statement." Id. at 397 (citing 15 U.S.C. § 1666(b)(5)). Furthermore, it cannot be argued that the minimum payments and total payment requested in the billing statement are computational errors because they included the finance charges. Id. This argument simply restates the idea that finance charges constitute billing errors. Id. In Esquibel, the plaintiff made no payment on the billing statement and the bank charged a late payment fee appearing on the next statement. Id. at 394. The court considered these late payment fees to be finance charges, thus, not constituting billing errors under the FCBA. Id. at 396.

In the instant case, plaintiff's subsequent statements are not billing errors, but rather statements with accumulated late payment fees, falling under the category of finance charges. The

**Civil No. 08-1120 (GAG)(JA)** 2

only statement that falls under the FCBA's billing error requirements is the first statement indicating the computational error.  Therefore, since this statement was sent to plaintiff sometime in November 2006, which he himself does not contest, then it falls well beyond the time notice requirements under the FCBA.  Furthermore, it must be noted, that each subsequent statement shows an accumulation of late payment fees and an unpaid balance stemming from that first error which occurred sometime in November 2006.  Plaintiff argues that he can bring a claim as to any subsequent billing error stemming from that statement in November. However, as already mentioned, these subsequent statements are not billing errors, so the only claim plaintiff can bring was against that November statement from which the computational error stemmed.

Plaintiff's remaining arguments (stating his phone conversation constituted an agreement and that he submitted a statement of facts) will not affect the outcome of plaintiff's motion so they will not be discussed.

For the abovementioned reasons, the court **DENIES** plaintiff's motion for reconsideration. (Docket No. 94).

**SO ORDERED.**

In San Juan, Puerto Rico this 12th day of June, 2009.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge